```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**ROBERT TAYLOR,**                    :

      **Plaintiff,**               :

**vs.**                               :    CIVIL ACTION 06-00365-BH-B

**CAPTAIN ROBINSON,** *et al.,*       :

      **Defendants.**              :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1). This action, which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action, is now before the Court for Plaintiff's failure to comply with Court's Order and to prosecute the Third and Fourth Amended Complaints. (Docs. 10 & 11). It is recommended that the Third and Fourth Amended Complaints be dismissed without prejudice.

During the screening of Plaintiff's action, the undersigned determined that Plaintiff's original Complaint and the First and Second Amended Complaints (Docs. 1, 5, 7) concern Defendants and incidents alleged to have occurred at the Limestone Correctional Facility in the Northern District of Alabama. (Doc. 13). Whereas, the Third and Fourth Amended Complaints (Docs. 10 & 11) concern Dr. Barnes and incidents alleged to have occurred at Fountain Correctional Center in the Southern District of Alabama. Plaintiff

was advised that these two sets of claims are separate and distinct and that the original Complaint and the First and Second Amended Complaints would be transferred to the United States District Court for the Northern District of Alabama, since they involve incidents alleged to have occurred in that District.

In regard to Plaintiff's Third and Fourth Amended Complaints, Plaintiff was ordered to advise the Court on or before August 30, 2007, if he wanted to proceed on his claims against Dr. Barnes, which are alleged to have arose in the Southern District. Plaintiff was cautioned that if he did not advise the Court within the prescribed time, his claims that arose in the Southern District would be dismissed without prejudice instead of being placed in a new action in this Court.  Plaintiff has not contacted the Court since its Order of July 30, 2007 (Doc. 13) was entered.

Therefore, due to Plaintiff's failure to comply with the Court's Order and to prosecute his claims against Defendant Barnes in his Third and Fourth Amended Complaints, and upon consideration of the alternatives that are available to the Court, it is recommended that the Third and Fourth Amended Complaints be dismissed without prejudice from this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R.R., 370 U.S. 626, 630 (1962); Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d

1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).[1]  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991) (finding that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (ruling that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **23rd** day of **January, 2008.**

                                              **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>**Transcript (applicable where proceedings tape recorded)**</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.